**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LESLIE MAIZE, #431-507, :

Petitioner :

v : Civil Action No. JFM-16-4070

WARDEN :

Respondent :

o0o

**MEMORANDUM**

Leslie Maize, a self-represented Maryland prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 attacking his 2010 conviction in the Circuit Court for Worcester County, Maryland for first- and second-degree rape, assault with intent to rape, and first-degree burglary. ECF 1. Respondents have responded and offered the docket sheet outlining proceedings relating to Maize's criminal case as well as the unreported opinion of the Court of Special Appeals of Maryland denying Maize's direct appeal. *See* ECF 9. Maize has replied. ECF 11. After reviewing the petition, answer and reply, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For the reasons set forth below, the petition shall be denied as time-barred and a certificate of appealability shall not issue.

## I. Factual and Procedural History

A. State Proceedings

On January 5, 2010, a Worcester County Circuit Court judge found Maize guilty of first-degree rape and related charges and sentenced him to life plus a concurrent 20-year term of imprisonment. ECF 91 -1, pp. 5-6. The convictions and sentence were upheld on direct appeal

in an unreported decision rendered on July 27, 2011, by the Court of Special Appeals. ECF 9-2; *Maize v. State of Maryland,* No. 185 (C.S.A. Sept. Term 2010). The mandate issued on August 26, 2011. *Id.,* p. 1. Maize's request for further review by the Maryland Court of Appeals was denied on January 23, 2012. *See Maize v. State,* 424 Md. 292 (2012).

On December 17, 2012, Maize filed a petition for post-conviction relief, later supplemented. ECF 9-1, p. 11. On July 2, 2015, the Circuit Court for Worcester County granted post-conviction relief by vacating Maize's sentences and ordering a new sentencing proceeding. *Id.*, p. 18. Maize was resentenced on October 20, 2015, to a life sentence. *Id.* Maize did not seek review of this new judgment in the Court of Special Appeals; thus, his judgment became final for direct appeal purposes on Thursday, November 19, 2015. *See* Md. Rule 8-204 (application for leave to appeal to be filed within 30 days of judgment from which appeal is sought).

On Monday, November 16, 2015, Maize filed a motion for modification of sentence which was denied on December 8, 2015 ECF 9-1, p. 20. On that same date, November 16, 2015, Maize filed an application for review of sentence pursuant to Maryland Rule 4-344,[1] which was denied on December 22, 2015. *Id.*, p. 21.

B. Federal Proceedings

On December 22, 2016, Maize filed a "memorandum to the court" expressing his desire to initiate federal habeas corpus proceedings. ECF 1. Because the pleading did not provide sufficient information to proceed as a habeas petition, Maize was granted additional time to provide the grounds requesting relief, using court-approved forms. ECF 2. Maize filed supplemental pleadings dated January 10, 2017, alleging a multitude of errors ranging from a

[1] Md. Rule 4-344 requires any application for review of sentence under the Review of Criminal Sentences Act, Md. Code. Ann., Crim. Proc. Art., §§ 8-102 *et seq.* be filed within 30 days after the imposition of sentence.

violation of the Interstate Act on Detainers to violation of Maryland's 180-day "speedy trial" requirement.[2] ECF 11 at p. 11; ECF 3.

In a limited answer to the petition, respondents assert that the merit of Maize's claims cannot be examined because the petition is untimely pursuant to 28 U.S.C. § 2244(d) and Maize has provided no basis for applying the doctrine of equitable tolling. ECF 9 at 2-6.

In reply, Maize claims, without specificity, that he has proof that the "prosecutor misuse[d] . . . exculpatory evidence." ECF 11.

## II. Discussion

### A. Applicable Statutory Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted and signed into law on April 24, 1996. Prior to AEDPA, there was no time limitation on when a prisoner could file an original action for habeas corpus relief in federal court. AEDPA introduced a one-year limitations period for state prisoners filing under 28 U.S. C. § 2254. The one-year period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A)[3]; *see also Wall v. Kholi,* 562 U.S. 545, 549

---

[2] For purposes of assessing the timeliness of the instant petition under 28 U.S.C. §2244(d)(1)-(2), this court treats it as filed on the date it was signed. *See Houston v. Lack,* 487 U.S. 266 (1988); *United States v. Dorsey,* 988 F. Supp. 917, 919-20 (D. Md. 1998); Rule 3(d) of the *Rules Governing Section 2254 Cases in the United States District Courts.*(applying the "mailbox rule").

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2011). The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

In Maryland, a state motion to reduce sentence does not toll the statute of limitations under 28 U.S.C. §2244(d). *See Tasker v. Maryland*, No. AW 11-CV-1869, 2013 WL 425040, at *7 (D. Md. Jan. 31, 2013).[4]

**B. Analysis**

Here, the limitations period began to run, at the latest, on November 19, 2015, when Maize's time for seeking leave to appeal following resentencing expired. Between November 19, 2015 and January 10, 2017, when Maize actually presented his federal habeas corpus grounds to this court by way of a supplemental petition, there were no proceedings in state court that would serve to toll the limitations period of 28 U.S.C. § 2244(d).[5] Maize presents no

---

> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4] *Tasker* characterized a Maryland state motion to reduce sentence as a motion for leniency, and distinguished it from the Rhode Island state motion to reduce sentence which was held in *Wall v. Kholi*, 562 U.S. at 1286-87, to toll the statute of limitations under §2244(d).

[5] This analysis holds true even if the court were to accept December 22, 2016, as the date on which the habeas corpus proceeding was deemed filed.

grounds to support an argument that the limitations period should be statutorily tolled in his favor.

In order to be entitled to equitable tolling of the limitations period, Maize must establish that either some wrongful conduct by the State contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris,* 209 F. 3d at 328. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.; see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way."); *Holland v. Florida*, 560 U.S. 631, 648 (2010) (equitable tolling limited to extraordinary circumstance).

To the extent the delay might be attributed to Maize's lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). Maize has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.

**Conclusion**

The instant petition for habeas corpus relief will be denied and this case dismissed by separate order. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Maize does not satisfy this standard. *See Buck v. Davis*, ___ U.S. ___, 137 S.Ct. 759, 773 (Feb. 22, 2017). Therefore, the court declines to issue a certificate of appealability.[6]

8/11/17
Date

J. Frederick Motz
United States District Judge




[6] Denial of a certificate of appealability in the district court does not preclude Maize from requesting a certificate of appealability from the appellate court.